# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

BILLY EUGENE HUNT,

       Petitioner,

:

Case No. 3:08-cv-174

-vs-

:

District Judge Walter Herbert Rice
Chief Magistrate Judge Michael R. Merz

WARDEN, London Correctional
 Institution,

       Respondent.

:

## REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Respondent's Motion to Dismiss the Petitioner as Time-Barred (Doc. No. 9). The Court's attempt to advise Petitioner of the Motion has been returned by the Postal Service because Petitioner has been released from the prison address he gave when filing suit and Petitioner has not furnished the Court with a new address. Petitioner's release doe not render the Petition moot. *Carafas v. LaVallee*, 391 U.S. 234, 237, 88 S. Ct. 1556, 20 L. Ed. 2d 554 (1968). However, Petitioner, like all litigants, is under an obligation to keep the Court advised of his address and he has failed to provide a new address since at least July 14, 2008.[1]

On plea agreement, Petitioner was convicted of one count of theft by deception and one count of tampering with government records. He was sentenced to a definite term of imprisonment

---

[1] See Doc. No. 8 reporting the return as undeliverable of a prior court document sent to Petitioner.

-1-

of two years on May 30, 2006. He took no direct appeal and no delayed direct appeal. Thus the statute of limitations prescribed in 28 U.S.C. § 2244 began to run thirty days after the conviction, to wit, when the conviction became final upon his failure to file an appeal.

In August, 2006, Petitioner wrote a letter to the Common Pleas Court saying his sentence had been miscalculated. That court denied any relief on September 14, 2006. Even assuming arguendo that this was a "properly filed" collateral attack on the judgment, it would only toll the statute of limitations during the period when it was pending. 28 U.S.C. § 2244(d)(2). Petitioner's request in November, 2006, for judicial release is not a collateral attack on the judgment under Ohio law, but a request for the Common Pleas Court to exercise its discretion to grant early release.

Even with the exclusion of the approximately three weeks in August-September, 2006, while Petitioner was waiting for an answer to his correspondence, the one-year statute of limitations expired long before Petitioner filed his Petition in this Court. He has not stated any basis on which he would be entitled to equitable tolling of the statute.

It is therefore respectfully recommended that the Petition herein be dismissed with prejudice as barred by the statute of limitations.

August 19, 2008.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of

law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\Documents\Hunt Habeas 2 R&R.wpd